**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Jorge Luis Mancha,<br><br>　　　　Defendant. | No. CR-95-00456-TUC<br><br>**ORDER** |

Pending before the Court is Defendant Jorge Luis Mancha's Motion to Reduce Sentence Per 18 U.S.C. § 3582(c)(1)(A). (Doc. 457.) The Government has filed an Opposition to the motion. (Doc. 462.) Having considered the parties' filings and the record, the Court will deny the motion.

Pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), a sentencing court may reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable," if the court finds (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13. Additionally, the Court's reduction of a sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Mancha, who is 65-years old, has serious health conditions, some attributable to aging. On November 13, 2019, before the COVID crisis, Mancha sought, and the Warden of FCI Texarkana approved Mancha's request for home confinement under the Elderly

Home Confinement Program (in relation to the First Step Act).  Thereafter, Mancha was released to home confinement at his daughter's house. While on home confinement, Mancha is monitored via electronic monitoring and must put in passes to Residential Reentry staff to move outside his residence.  Determinations are made based on reentry needs, medical needs, and the current COVID operational status of the local community.

Mancha's projected release date is September 5, 2022.  Upon release, he will begin serving a sixty-month term of supervised release.  In his motion, Mancha seeks a full reduction of his remaining custody sentence to time served, or, in the alternative, to a term of probation without conditions.  Mancha also requests that the Court vacate his sixty-month term of supervised release. (Doc. 457, pp. 7, 11.)  Mancha contends that he has paid his debt to society in full.  (Doc. 457, p. 7.)

The Court concludes that Mancha does not demonstrate extraordinary and compelling reasons for sentence reduction in light of his release to home confinement.   It is true that Mancha suffers from serious health conditions, but a further reduction in his sentence would not improve or change his ability to protect himself against COVID-19. The government provided evidence as to Mancha's access to healthcare while in home confinement. (Doc. 462, p. 4, and Ex. A.)  The evidence shows that Mancha is presently able to obtain medical care in the same manner he would if a further reduction in sentence were granted. Because he is in home confinement, Mancha is responsible for his own medical and dental care.  He has access to the Department of Veterans Affairs (VA) health care and can utilize VA benefits, Medicare, Medicaid and other benefits as required for his health care needs.  If Mancha's term of home confinement were modified or terminated, his access to VA medical care, or any other medical care, would remain the same. (*Id*.) [1]

Further, the Court concludes that a reduction in sentence is not warranted in light of

---

[1] Mancha argues that his request for release from any supervision is appropriate because, if he were to be returned to a prison setting, he would be at higher risk for serious complications from COVID-19 due to his serious medical conditions. But Mancha will not be returned to custody absent his violation of a condition of his home confinement or supervised release.  In other words, his return to custody is entirely dependent on his own actions. Mancha's suggestion that he could violate his supervisory conditions and end up back in custody, is not a persuasive argument for reduction or elimination of those conditions.

the 18 U.S.C. § 3553(a) factors. Mancha received a significant sentence because he abused his position as a U.S. Border Patrol agent, conspired with a drug trafficking organization, and facilitated the importation of thousands of pounds of cocaine and thousands of pounds of marijuana into the United States, over a period of three years. Mancha put his fellow law enforcement officers at risk. He showed little regard for anyone but himself and whatever financial compensation he received in return for the betrayal of his position.[2] Mancha is serving the remainder of his sentence in home confinement. The § 3553(a) factors do not warrant further reduction.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 457) is **DENIED**.

Dated this 26th day of July, 2021.

_____
Honorable Jennifer G. Zipps
United States District Judge

---

[2] Mancha argues that his service in the U.S. Army, his rehabilitation, and his efforts to assist other inmates with their rehabilitation, are among the 3553(a) factors that "may be of value" in considering his request. (Doc. 457, p. 9). But Mancha's "selfless service" in the military predated his criminal conduct here, which constituted a staggering breach of the public trust. And while Mancha is to be commended for his efforts at rehabilitation and his work with other inmates, efforts which presumably benefited both him and them, the history and characteristics he cites are vastly outweighed by other 3553(a) factors, including the nature and circumstances of the offense, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.